Sanders, Janet L., J.
This case arises from a home renovation project abandoned before completion by the now bankrupt construction company of the defendant Michael J. Ricciardi. In December 2005 an arbitrator determined that the plaintiffs, Peter and Mary Heinrichs, incurred damages for incomplete or defective work in the amount of $125,371. The Heinrichses instituted this litigation against Ricciardi individually in an effort to collect that amount. The case is now before the Court on the defendant’s Motion to Dismiss the Plaintiffs’ Amended Complaint for failure to state a claim. Additionally, the plaintiffs move to attach real estate belonging to various trusts (also named as defendants) on the grounds that these are shells or shams used by Ricciardi to hide his assets. For the following reasons, this Court concludes that the defendants’ Motion to Dismiss must be Denied, and the plaintiffs’ Motion to Attach should be Allowed.
BACKGROUND
This case has been unnecessarily complicated by the fact that four different judges have been called upon to render decisions on it, and this has led to inconsistent results. To avoid any further confusion, this Court has carefully reviewed prior pleadings filed in this case and the allegations and arguments contained within them. This case’s convoluted procedural history can be summarized as follows.
In 2002, the Heinrichses contracted with Ricciardi Construction Company (RCC) for home improvement construction on their residence. The defendant Michael Ricciardi is RCC’s president and the person designated by the corporation as the individual responsible for its work under G.L.c. 142A, §9. A dispute arose concerning the work, and it is alleged that RCC abandoned the project. On December 8, 2003, RCC filed for bankruptcy.
In January 2005, the Heinrichses filed a claim for arbitration of their dispute pursuant to G.L.c. 142A, §4. The Respondent in that action was listed as Michael Ricciardi of Ricciardi Construction Company, who was further described as the “individual responsible for Home Improvement Contractor Registration.” On December 23, 2005, following a hearing at which Ricciardi was represented by counsel, the arbitrator found for the Heinrichses and ordered that the “Respondent shall pay the Claimant for damages incurred as a result of the Respondent’s failure to properly complete services under the contract” in the amount of $125,371. No appeal was taken, nor were any amounts paid to the Heinrichses.
This case was commenced in March 2007 against Michael Ricciardi individually; RCC was not named as a defendant. Count I of the Complaint sought confirmation of the arbitration award under G.L.c. 251, § 11; it also alleged a G.L.c. 93A violation. In April 2007, the Heinrichses moved to confirm the arbitration award. At the same time, Ricciardi moved to dismiss the complaint, contending that the award was entered only against his company RCC and that he could not be held individually liable because he was not a parly to the construction contract. The Court (Murphy, J.) apparently agreed with the defendant: without issuing any written opinion, the judge denied the plaintiffs’ motion in a margin note and allowed the defendant’s motion as to Count I of the Complaint (which sought confirmation of the arbitration award). Judge Murphy did so even though the respondent in the arbitration *45 decision was identified as Ricciardi, the “individual responsible for Home Improvement Contractor Registration” — an apparent reference to G.L.c. 142A, §9 (discussed below). In this Court’s view, Judge Murphy’s ruling was flat wrong.
After unsuccessfully seeking reconsideration of the Court’s order, the plaintiffs sought to amend their Complaint. This time, Count I of the Complaint expressly sought relief under G.L.c. 142A, §9 instead of G.L.c. 251, § 11. Section 9(a) states that any contractor seeking to perform residential contracting services must register with the state. If the contractor is a corporation, section 9(c) states that the corporation must designate an individual who shall be “jointly and severally liable” for any actions of the contractor in violation of chapter 142A. It is undisputed that, when RCC registered, it designated Ricciardi as that individual.
In addition to clarifying the legal basis for their claim, the plaintiffs also sought by their amendment to add new defendants. Specifically, they alleged that Ricciardi (with his wife Lisa) had fraudulently transferred properly into several trusts in an effort to hinder plaintiffs from collecting their debt against him. These same trusts were also named as “reach and apply” defendants. This Court (Connor, J.) allowed the plaintiffs’ motion to amend the Complaint on March 25, 2008.
At the same time that the plaintiffs amended their Complaint, they also sought a preliminaiy injunction against the new defendants. Judge Connor declined to enter the preliminaiy injunction “without prejudice.” In so ruling, the Court stated that there was a reasonable likelihood that plaintiffs would prevail in their claim against Ricciardi individually and that the plaintiffs would also be able to establish that the trusts were “shells” for Ricciardi. Judge Connors stated that he drew that inference because the documents before the Court demonstrated that Ricciardi would convey the real estate from the trusts, obtain mortgage loans for himself, then convey the property back to the trusts, all conveyances being for nominal consideration. The judge denied the request for an injunction, however, because the Heinrichses had already obtained an attachment against Ricciardi’s home for $108,000, and that would appear to give the plaintiffs sufficient security for any judgment. In a motion to reconsider, the plaintiffs pointed out that Ricciardi’s residence was heavily encumbered by other mortgages and had little or no equity available. Judge Connors (who had since moved on to another court outside Norfolk County) denied the motion, saying that, in light of the additional material plaintiffs had submitted, the more appropriate route was to file a renewed motion for equitable relief which could then be addressed by the judge sitting in the Norfolk County session.
Instead of simply renewing their motion, the plaintiffs sought to attach the real estate of these defendant trusts. Their motion was heard by a third judge, Kenneth Fishman. Despite Judge Connor’s conclusion that the plaintiffs’ case was a strong one, Judge Fishman denied the motion, citing Judge Murphy’s decision a year before denying the motion to confirm the arbitration award against Ricciardi. Not only did Judge Fishman make the (understandable) mistake of concluding that Judge Murphy was correct in his ruling, but he also appeared to have overlooked the significance of G.L.c. 142A, §9, which makes Ricciardi jointly and severally liable for the acts of his corporation in violation of Chapter 142A. The initial error made by the first judge who heard this case was therefore compounded.
Judge Fishman moved on to another session, and this judge moved in. Plaintiffs returned with an “emergency ex parte motion” to attach property held in the name of Ricciardi and his wife as trustees of the various defendant trusts. The plaintiffs submitted additional documents to the Court showing that Ricciardi had listed the various properties held in these trusts as in fact belonging to him personally when he applied for loans from Salem 5 (in 2003) and from Washington Mutual and CMS Capital (both in 2006). The defendants not only opposed the motion to attach but filed their own motion to dismiss.
DISCUSSION
The defendants’ opposition to the plaintiffs’ motion to attach rest principally on Judge Murphy’s erroneous ruling dismissing the claim to enforce the arbitration award against Ricciardi individually. As they did a year ago, the defendants reiterate their claim that the arbitrator’s decision bound only RCC and cannot be enforced against Ricciardi personally. Not only does this argument constitute a misreading of the decision itself, but this Court also concludes that it must fail in the face of G.L.c. 142A.
Enacted in 1992, Chapter 142A imposes a number of requirements on home improvement contractors which were obviously intended to protect homeowners from unscrupulous practices. Among other things, the law regulates the content of residential contracting agreements so as to ensure full disclosure, gives the homeowner a right of action either in court or in an arbitration program approved by the state’s director of consumer affairs, and subjects a contractor who violates the statute to fines and even criminal penalties. Of particular relevance in this case is section 9 which requires that the contractor register, with the approval of the Board of Building Regulations and Standards and, in the event the contractor is a corporation, designate that individual who shall be “jointly and severally liable” for any violation of the Chapter. Section 17 sets forth those acts which constitute violations. They include “abandoning or failing to perform, without justification,” the contract. G.L.c. 142A, §17(2). That section also states that any violation of chapter 142A also constitutes a violation of G.L.c. 93A.
*46 The instant case was precisely the kind of case which the legislature had in mind when they enacted chapter 142A, and at least initially, the statute appeared to work as it was intended. Although RCC had gone bankrupt in December 2003, six months after abandoning its work with the Heinrichses, RCC had designated Ricciardi under G.L.c. 142A, §9. The Heinrichses exercised their right under G.L.c. 142A, §4 to go to arbitration and filed their claim against him as the person responsible under the statute for RCC’s work. Mr. Ricciardi was represented by counsel at the hearing. Specifically referring to G.L.c. 142A, §17 and regulations enacted hereunder, the arbitrator found that the Heinrichses paid RCC $171,235 for defective work performed between December 2002 and March 2003, when RCC abandoned the job entirely. Taking into account what needed to be corrected and what needed to be completed, the arbitrator ordered the respondent (identified on the first page of the decision as Mr. Ricciardi) to pay the Heinrichses $125,371. Ricciardi elected not to appeal (thus arguably waiving the claim he has made in this case that the arbitration was brought too late). The Heinrichses filed suit to confirm the award and collect against Ricciardi after he failed to pay. Clearly, this motion should have been allowed, not denied. Because it was not, this case was derailed for over a year.
Turning then to whether the plaintiffs are entitled to an attachment of the properties now held in trust, this Court concurs with Judge Connors. Not only have plaintiffs shown that they are likely to recover more than the amount sought against Ricciardi individually; they have also shown that they are reasonably likely to prove that the defendants’ trusts are mere “shells” created and used by Ricciardi to shield his assets from the Heinrichses at the same time that he uses the equity in the assets for his own benefit. The plaintiffs have presented documents which show that Ricciardi held himself out to be the sole owner of several of the Trust properties when he applied for refinancing loans in 2006. The trust documents give Ricciardi as trustee absolute discretion to sell convey or transfer the property held in trust, and to alter or amend the trust documents, which also name him as beneficiary. Moreover, Ricciardi does not deny that he would freely move the properties in and out of the trusts for nominal consideration in order to obtain personal loans for himself or family members. Given the pervasive control that Ricciardi exercises over these properties — and the showing by the plaintiffs that Ricciardi’s own residence is heavily encumbered — this Court concludes that there is enough to support an order attaching these properties.
This Court’s ruling on the defendants’ motion to dismiss necessarily follows from the conclusions set forth above. For the reasons already explained, the plaintiffs have clearly stated a claim against Ricciardi individually under both G.L.c. 142A and G.L.c. 93A. As to the additional defendants, the Complaint states a claim against them either on the grounds that the properties they hold were fraudulently conveyed to them or on the grounds that Ricciardi holds an equitable interest in the Properties which can be reached and applied. Legal claims can certainly be made in the alternative. In short, the Amended Complaint sets forth enough allegations to “raise a right to relief above the speculative level.” Iannacchino v. Ford Motor Co., 451 Mass. 623 (2008).
CONCLUSION AND ORDER
For all the foregoing reasons, the plaintiffs’ Motion to Attach is ALLOWED and the defendants’ Motion to Dismiss the Amended Complaint is DENIED.